## Germantown Trust Company, Trustee, v. Willard, Receiver, et al.

*Murdoch, Paxson, Kalish & Green,* for plaintiff.
*Joseph Sharfsin,* for defendants.

GORDON, JR., P. J., October 14, 1939.—This bill in equity is brought by the owners of premises 72 West Chelten Avenue, in the City of Philadelphia, against the receiver of taxes of the city and one Rose Staunton, the owner of 68 West Chelten Avenue, to compel the receiver of taxes to "strike off or remove from his records" the entry of payment of the 1933 taxes upon 68 West Chel-

ten Avenue, the property of Rose Staunton, and to "make proper notation" on his records of the receipt of the payment by complainants of the taxes for the same year assessed against 72 West Chelten Avenue. Although complainants paid to the city the 1933 taxes assessed against their own property, 72 West Chelten Avenue, under circumstances which will be hereafter referred to, the payment had been erroneously credited by the receiver to defendant Rose Staunton's property at 68 West Chelten Avenue, and the bill has been filed to correct this error. At the trial, on bill, answer and proofs, there being no factual dispute between the parties, the case was submitted. on a stipulation of the facts agreed upon, and, in accordance therewith, we make the following findings of fact in the case.

## Findings of fact

1. That on May 7, 1927, one Alfred R. Smith executed to complainant, as trustee, a mortgage and bond and warrant of attorney conditioned for the payment of $27,-000 covering premises described as follows:

"All That Certain lot or piece of ground with the buildings and improvements thereon erected, Situate on the Southeasterly side of Chelten Avenue (Eighty feet wide) in the Twenty-second Ward of the City of Philadelphia, and described according to a Survey and Plan thereof made on the Tenth day of October, A. D. 1912, by Joseph C. Wagner, Esq., Surveyor and Regulator of the Ninth Survey District of said City as follows, to wit:

"Beginning at the distance of Forty-eight feet Northeastwardly from the Northeasterly side of said Greene Street; thence extending Northeastwardly along the said side of Chelten Avenue fifteen feet eleven inches to a point; thence South Forty-eight degrees thirty-five minutes twenty seconds East Seventy-two feet fve and three-fourths inches partly through the center of the party wall and crossing the head of a certain Three feet wide alley to a point; thence Southwestwardly Fifteen feet eight

inches to a point; thence Northwestwardly on a line at right angles to the said Chelten Avenue Seventy-two feet six and three-eighths inches to the place of beginning. Being known and numbered 68 W. Chelten Avenue."

The above instrument was recorded in the office for the recording of deeds in and for the City of Philadelphia in Mortgage Book J. M. H. 5634, p. 553.

2. That on the date of the creation of the said mortgage the above-described premises were known as 68 West Chelten Avenue, in the City and County of Philadelphia, and that sometime during the year of 1929 the registry records were changed so that the aforesaid property became known as 72 West Chelten Avenue.

3. That on September 8, 1931, the Goff-Bucks Building & Loan Association, through its straw party, William E. Graeber, became the real and equitable owner of the aforesaid property, and by reason of defaults under the terms of the aforesaid mortgage foreclosure proceedings were instituted by complainant, and at the sheriff's sale held on September 18, 1933, the property was purchased by complainant, title being taken in the name of William Churchill Houston, Jr., and Germantown Trust Company, trustee under the will of Helena Houston, deceased.

4. Subsequent to the sheriff's sale, to wit, on September 30, 1933, Mayne R. Longstreth, Assistant City Solicitor of the City of Philadelphia, submitted to complainant a memorandum setting forth the tax delinquencies and costs for 72 West Chelten Avenue, a photostatic copy of which memorandum is attached to the stipulation filed in the case, and marked exhibit "A" thereof.

5. Said memorandum is captioned: "City v. Chatam Corp., C. P. No. 2, M. term 31, no. 7947, M. L. D."

A lien for 1929 taxes was filed under said caption, court, term, and number. Judgment was taken for $947.73 and another sheriff's sale of 72 West Chelten Avenue, this time to satisfy the lien of the city, was ad-

vertised for October 1933, as number 857, at the direction of the attorney for the city.

6. Mayne R. Longstreth, the assistant city solicitor, appeared in that suit as attorney for the city, together with the city solicitor, first Mr. Ashton and later Mr. Smyth. Mayne R. Longstreth died February 15, 1935.

7. On the same day, complainant drew a check in the amount of $5,488.90 to the order of "Mayne R. Longstreth, assistant city solicitor", a photostatic copy of which check is attached to the stipulation filed in the case, and marked exhibit "B" thereof.

8. Complainant delivered the said check to Mayne R. Longstreth together with five bills for city and school district taxes, for the purpose of paying the taxes stated in the above-mentioned memorandum as due. The bills for 1929, 1930, 1931, and 1932 were bills for the premises 72 West Chelten Avenue. The bill for 1933 was in the amount of $887.38 and was a bill for the premises 68 Chelten Avenue, registered in the name of Rose Stanton or Rose Staunton. This bill had been delivered to complainant by an employe of the office of the receiver of taxes. On this bill was the following ink and pencil notation written by an officer or agent of complainant prior to the delivery of the bill to Mayne R. Longstreth, assistant city solicitor:

"T/ Helena Houston
Wm. C. Houston, Jr., c/o Gtn. Trust Co.
#72
10/21/31 Title".

A photostatic copy of said bill is attached to the stipulation filed in the case, and marked exhibit "C".

9. Longstreth thereupon wrote at the bottom of the memorandum:

"Rcd Payments in full
9/30/33 Mayne R. Longstreth"

10. The check delivered to Mayne R. Longstreth, assistant city solicitor, in the amount of $5,488.90, repre-

senting the totals set forth in the above-mentioned memorandum less an item of costs paid at another time by complainant, was deposited by said Mayne R. Longstreth in his account as "attorney."

11. The said Longstreth then drew a check to the order of the receiver of taxes for the amounts of the 1929, 1930, 1931, 1932, and 1933 taxes set forth in the above-mentioned memorandum.

12. This check together with the tax bills, including the bill for 1933 with the ink and pencil notation above described, was presented to the receiver of taxes.

13. The receiver credited the payments for 1929, 1930, 1931, and 1932 to the owner of the premises 72 West Chelten Avenue. The credit for the payment of 1933 was made to Rose Stanton or Rose Staunton, the registered owner of 68 Chelten Avenue.

14. Premises 72 West Chelten Avenue and 68 Chelten Avenue were both assessed in the same amount for 1933 taxes, $31,500, and the amount of the 1933 taxes and penalties due on each on September 30, 1933, and on November 22, 1933, was the same, $887.38.

15. On February 16, 1935, a tax search for premises 68 Chelten Avenue was delivered to the Philadelphia Company for Guaranteeing Mortgages by the search clerk of the department of the receiver of taxes. The search showed 1933 taxes paid and 1931, 1932, and 1934 taxes unpaid. A photostatic copy of said search is attached to the stipulation filed in the case, and marked exhibit "D" thereof.

16. The receiver of taxes has not filed a lien for unpaid taxes for 1933 against premises 68 Chelten Avenue.

17. Complainant does not now have and never had any interest in 68 Chelten Avenue. Rose Stanton now is and has been since 1933 the owner thereof.

### Discussion

From the foregoing stipulation, it is apparent that responsibility for the mistake, which resulted in the er-

roneous crediting to the property of Rose Staunton of the 1933 taxes paid by plaintiff on 72 West Chelten Avenue, lay between Assistant City Solicitor Longstreth and the office of the receiver of taxes. The error was probably caused primarily by the fact that 72 West Chelten Avenue had formerly been known as 68 Chelten Avenue. Whatever may have been the basic cause for the error, however, it nowhere appears in the stipulated facts, nor is there anything therein which would sustain an inference, that it was due to any act or admission of complainants. The taxes on their property for the years 1929 to 1932 were delinquent, and those for 1933 were due, but had not yet become delinquent. Their collection had been placed in the hands of the city solicitor who, with his assistant, Mr. Longstreth, had begun proceedings on the lien filed for those which were delinquent. Mr. Longstreth therefore had the power and authority of an attorney to accept and receive, on behalf of the city, whatever taxes had been assessed against the property or were then due and payable. Payment to him was payment to his client, and completely discharged complainants' liability for the taxes so paid. The error of the city's agents in thereafter crediting the payment against another property cannot reasonably be imputed against complainants so as to compel them to pay their taxes a second time. Mr. Longstreth deposited the money he received from complainants in his attorney's account, and later paid it over to the receiver of taxes. This acceptance of it by the receiver, which only confirmed and ratified Mr. Longstreth's authority, satisfied the city's claim against complainants. It would be inconceivable for the city, while retaining complainants' money, which the stipulation admits was in fact paid to and received by it through its solicitor, to repudiate his authority to receive the money on its behalf. Complainants are, therefore, entitled to have the city's books corrected so as to show the payment by them of the taxes on 72 West Chelten Avenue for the year in question.

With respect to the prayer of the bill for a decree directing the defendant receiver of taxes to "strike off or remove from his records" the erroneous entry of payment of the 1933 taxes upon the property of Rose Staunton, we are of opinion that complainants do not need such a decree to secure the full relief to which they are entitled. While Rose Staunton has been made a party defendant in the action, neither she nor the receiver has asked to have the records as to her property corrected. So far as complainants are concerned, the condition of that record is of no moment; to correct it would add nothing to the effectiveness of the record of the receipt of the taxes on 72 West Chelten Avenue which we are directing to be made, and to let it stand as it is, until the receiver or someone having an interest in 68 West Chelten Avenue moves to correct the error in that record, will not in any way impair the validity of the corrected record relating to complainants' property. Indeed, Rose Staunton, in our opinion, was neither a proper nor a necessary party defendant in this proceeding, and we are not inclined to go further in our decree than is essential to do full justice to complainants' case.

We, therefore, reach the following

### Conclusions of law

1. A court of equity has jurisdiction to order the correction of mistakes in the records of the receiver of taxes.

2. Mayne R. Longstreth, the assistant city solicitor, who represented the city in the action to foreclose the tax lien against premises 72 West Chelten Avenue, had authority, as counsel for the city, to accept payment of the taxes then due and owing on said premises, and the subsequent receipt and acceptance from him by the city of the taxes owing upon said premises for the year 1933 ratified the authority of the said assistant city solicitor to accept the payment thereof.

3. The City of Philadelphia having received from complainants the taxes for the year 1933 upon the premises

72 West Chelten Avenue, complainants' obligation therefor is discharged, and neither complainants nor the said property are now legally liable for said taxes.

4. Receiver of taxes, defendant in this action, should be ordered and directed to correct his records by crediting complainants with the payment of taxes for the year 1933 upon premises 72 West Chelten Avenue.

5. The bill should be dismissed as to defendant Rose Staunton.

6. Defendant Frank J. Willard, receiver of taxes, should pay the costs of this proceeding.

Accordingly, we enter the following

### Decree nisi

And now, to wit, October 14, 1939, this case having come on to be heard upon bill, answer and proofs, upon consideration thereof, it is ordered, adjudged, and decreed:

1. The City of Philadelphia having received from complainants the taxes for the year 1933 upon the premises 72 West Chelten Avenue, complainants' obligation therefor is discharged, and neither complainants nor the said property are now legally liable for said taxes.

2. Defendant Frank J. Willard, Receiver of Taxes for the City of Philadelphia and the School District of the City of Philadelphia, is ordered and directed to correct his records by crediting complainants with the payment of taxes for the year 1933 upon premises 72 West Chelten Avenue, in the City of Philadelphia.

3. The bill is dismissed as to defendant Rose Staunton.

4. Defendant Frank J. Willard, receiver of taxes, shall pay the costs of this proceeding.

The prothonotary will enter this decree nisi, and give notice thereof to the parties or their counsel, and unless exceptions thereto are filed within 10 days, any party may present a form of final decree to be entered by the court.